JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-292 PA (OPx) | Date | February 24, 2011 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A. v. Flenoyd Hatchett | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Flenoyd Hatchett ("Defendant") on February 16, 2011.  (Docket No. 1.)  Although Defendant has not attached a copy of plaintiff HSBC Bank USA, N.A.'s ("Plaintiff") Complaint, filed in San Bernardino County Superior Court, it appears that the Complaint asserts a single cause of action under state law for unlawful detainer.  Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 1443(1).

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

42 U.S.C. § 1443(1) allows a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  Removal under section 1443(1) must satisfy a two-part test:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights . . . .  Second, petitioners must assert that the state courts will not enforce that right, and that the allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006)(quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-292 PA (OPx) | Date | February 24, 2011 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A. v. Flenoyd Hatchett | | |

Here Defendant alleges that eviction pursuant to the unlawful detainer action violates his civil rights under 42 U.S.C. § 1981 as an African American male. 42 U.S.C. § 1981 qualifies as a right which satisfies the first part of the § 1443(1) removal test. See City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 825, 86 S. Ct. 1800, 1811, 16 L. Ed. 2d 944 (1966)(noting that 42 U.S.C. § 1981 qualifies as a law providing for equal civil rights for purposes of § 1443(1)).

In order to satisfy the second part of the removal test a district court must be able to clearly predict that the state court will deny or refuse to enforce the defendant's civil rights. See id. at 828, 86 S. Ct. at 1812 ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."). Defendant attempts to support removal by reference to California Civil Code § 2924, which governs procedures for mortgages and foreclosures. Defendant contends that the courts of California have been unfairly applying this statute so that African Americans "always lose" in unlawful detainer proceedings in the courts of San Bernardino County, and that Plaintiff's attorney has acted in conjunction with officers of the court to ensure eviction. Such allegations do not clearly predict that the state court will deny Defendant's rights under 42 U.S.C. § 1981. There is nothing on the face of California Civil Code § 2924 which compels California courts to make rulings on the basis of race. Defendant's conclusory allegations that the San Bernardino County courts and Plaintiff's attorney are applying the statute so as to target African Americans are also insufficient to support removal. As the Supreme Court has noted:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.

Id. at 827, 86 S. Ct. at 1812. Since Defendant has failed to show that the state courts will not enforce his federal civil rights, removal under 42 U.S.C. § 1443(1) is improper.

Moreover, Defendant has failed to properly allege any other basis for this Court's jurisdiction. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-292 PA (OPx) | Date | February 24, 2011 |
|---|---|---|---|
| Title | HSBC Bank USA, N.A. v. Flenoyd Hatchett | | |

claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Although Defendant has not attached the Complaint, the only cause of action that is mentioned in the Notice of Removal is for unlawful detainer under state law.  No federal claim is alleged.  Further, Defendant does not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law.  To the extent that Defendant wishes to assert a defense based on violation of federal civil rights, this does not create a basis for federal question jurisdiction.

Jurisdiction may also be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00.  See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  Here Defendant has made no allegations as to his own citizenship or Plaintiff's citizenship, or the amount in controversy.  Thus the Notice of Removal does not establish diversity jurisdiction.

For the foregoing reasons, Defendant has failed to meet his burden of showing that federal question jurisdiction exists over this action.  Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the San Bernardino County Superior Court, Case No. UDDS902885.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.